# JOHN II. MERTENS

*vs.*

# WALTER E. MUELLER.

*Malicious prosecution*: *order of arrest; by member of firm;*
*mental attitude of——.* *Absence of probable cause*: *advice*
*of State's Attorney.* *Witnesses*: *examination;*
*evidence to explain confidence.*

A former superintendent of a fruit orchard sued one of the
firm to whom it belonged for malicious prosecution in having
him arrested, without probable cause, for larceny, upon the
charge of having stolen certain scions of fruit trees; the plain-
tiff offered evidence of a conversation in which he had sug-
gested to the defendant that certain clippings of the trees had
been saved as scions, and upon the defendant stating that he
did not care for them, the plaintiff asked for and was granted
permission to save them for himself. *Held,* that the conversa-
tion was pertinent to the issue as to the existence of probable
cause for the prosecution of the plaintiff upon the charges stated.
p. 317

In order to show that there was no concealment or criminal
intent, the plaintiff offered to show that the clippings were gath-
ered and packed in boxes and stored away in a barn of the de-
fendant in a camp about which there were at the time 75 men
engaged: *Held,* that the evidence was admissible. p. 316

In an action for malicious prosecution, evidence tending to
show the mental attitude of the defendant to the plaintiff at the
time of the arrest, etc., is admissible. p. 317

In such an action the proof that the arrest, etc., was published in the newspapers is proper evidence to support the averment in the declaration that as a result of the proceeding the plaintiff was greatly injured in his credit and reputation, etc.

pp. 317, 318

The action of a trial court in permitting a question to be asked is not reviewable, on appeal, when the answer of the witness to the question does not appear in the record.     p. 318

In such an action, evidence of a conversation between the defendant and the party who ordered the arrest is admissible, as tending to show that the defendant co-operated in the prosecution.     p. 318

Evidence, otherwise inadmissible, may sometimes be admitted, where it tends to show the ground of a witness' confidence in his recollection as to contested subjects.     p. 319

The mere fact that the defendant in a suit for malicious prosecution was a member of the firm by whom the party who swore out the warrant of arrest was employed does not, of itself, impute liability to such defendant.     p. 320

To hold an individual liable for malicious prosecution, it is not necessary that he himself should have sworn out the warrant, it is sufficient if he indirectly aided or abetted in the prosecution.     p. 320

If the defendant, in such a case, in fact secured through the agency of another the institution of the proceedings which led to the plaintiff's arrest and trial, he can not be exonerated merely by proving that the prosecution had been advised by the State's Attorney, upon a disclosure of all the information which the agent may have possessed on the subject. It is essential in such a case to show that all the essential facts within the *defendant's knowledge* were communicated to the officer whose advice is relied upon as a protection against recovery.     p. 322

*Decided January 14th, 1914.*

Appeal from the Circuit Court for Washington County. (KEEDY, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*George A. Pearre* and *D. L. Sloan* (with whom were *Ferdinand Williams, Lane & Keedy* and *David A. Robb* on the brief), for the appellant.

*Wilbur V. Wilson* and *F. Brooke Whiting* (with whom were *Whiting & Eppler* and *Wagaman & Wagaman,* on the brief), for the appellee.

URNER, J., delivered the opinion of the Court.

This is a suit for malicious prosecution, and it is now before this Court upon a second appeal, the first having resulted in a reversal of the judgment and the award of a new trial. The action is predicated upon the arrest, indictment, and acquittal of the plaintiff in a prosecution for the alleged larceny of a number of small apple tree clippings produced by the pruning of the trees for planting in the orchards belonging to the firm of F. Mertens' Sons, in which the defendant was a co-partner. In each instance the case has been brought to this Court on appeal from a judgment in favor of the plaintiff for substantial damages. The material facts, and the general principles of law governing the case, were fully and clearly stated by JUDGE STOCKBRIDGE in the former opinion, reported in 119 Md. 530.

The first exception is not important. It appears that the plaintiff, when testifying in chief, was asked whether he had any conversation with the defendant in reference to saving the clippings. An affirmative reply being given, he was requested to give the conversation. The defendant objected on the ground that the question as to this feature of the case

was not whether the clippings were authorized to be saved,
but whether they were obtained by the plaintiff in pursuance
of a gift, as he alleged. The answer to the interrogatory was
to the effect that the suggestion was made to the defendant
that the clippings be saved and used as scions in the propoga-
tion of trees for the orchards, and upon his stating that he
did not care to act upon the suggestion, the plaintiff asked
for, and was granted permission to save the scions for his own
use. It is apparent that the conversation thus narrated was
pertinent to the issue as to the existence of probable cause for
the prosecution of the plaintiff upon the charge stated, and
the question was not objectionable merely because it identi-
fied the conversation as relating to the saving rather than to
the giving of the scions.

The plaintiff testified that he and several workmen col-
lected a number of the clippings and took them to one of the
orchard camps where they were packed in sawdust in two
soap boxes and left in the basement of the barn in which the
camp was located. In order to show that there was no con-
cealment or criminal intent in this disposition of the scions,
the plaintiff was allowed to testify, over the defendant's
objection, that there were seventy-five men about the camp at
that time. The admission of this testimony, which is the
subject of the second exception, was clearly proper.

It was in evidence that the scions collected by the plaintiff
were stored, in the manner and place described, in November,
1910, and that he left the service of the defendant's firm
the next month, when the work closed for the winter, and
went to his home in Wisconsin where he remained until the
following February when he returned to Maryland. In the
course of the plaintiff's testimony he was asked what he did
upon his return. The overruling of an objection to this ques-
tion is the basis of the third exception. The answer was that
he took options on four tracts of land. This fact in itself
would seem to be immaterial, but its relevancy is made ap-
parent by the testimony of a later witness that the defendant
after the plaintiff's arrest and before his trial stated to the

witness that the plaintiff "had some options that they wanted to get a hold of and that they wanted to get rid of this fellow." A very important inquiry in the case was whether the defendant aided and abetted the prosecution after it was begun, even though it might be found that he did not give directions in the first instance to the employee of the firm who swore out the warrant for the arrest. The mental attitude of the defendant towards the plaintiff at the time, as indicated by the statement quoted, would be a circumstance to be considered, in connection with other evidence hereafter to be mentioned, as reflecting upon the question we have stated, and as the expression attributed to the defendant referred to the procurement by the plaintiff of options upon land desired by the defendant's firm, it was competent to account for such a statement by proving as a preliminary fact that the plaintiff had in reality secured the options. This view applies also to the tenth exception which relates to the same subject.

The fourth exception was taken to the admission of testimony by the plaintiff that reports of his arrest were published in the Cumberland papers. No objection is made to this evidence on the ground that copies of the papers were not produced. But the ruling is said to be opposed to the principle of the case of *Garvey* v. *Wayson*, 42 Md. 187, in which evidence that, in accordance with the usual practice, the name of the party under arrest had been entered upon the police records, was held to be inadmissible to show the publicity of the accusation, unless there was some law requiring such a record to be kept, or unless the defendant could be shown to have been aware that in consequence of the charge he was preferring the name of the accused would be so entered. The qualifications thus imposed upon the rule applied in that case appear to support the admissibility of the evidence now being considered. There was ample reason for any one connected with the prosecution to anticipate that it would be reported in the newspapers, and we think the plaintiff was entitled to prove such publication in support of

the averment of the declaration that as a result of the proceeding he was "greatly injured in his credit and reputation and brought into public scandal, infamy and disgrace." 26 *Cyc.* 102; *Filer* v. *Smith,* 96 Mich. 355; *Minnesota Threshing Machine Co.* v. *Regier,* 51 Neb. 402.

The question raised in the fifth bill of exceptions is in reference to the competency of testimony by another employee at the orchard as to the directions given by the plaintiff to some of the workmen for the collection of the clippings. This was objected to as being hearsay. The effect of the testimony was to show that the plaintiff's open and public method of saving the scions for his own use was altogether inconsistent with the theory that he was preparing to secure them by committing the crime of larceny. We see no error in this ruling.

No answer appears to have been given to the question to which the sixth exception refers, and the propriety of the Court's action in permitting it to be asked is, therefore, not reviewable. *Money-weight Scale Co.* v. *McCormick,* 109 Md. 185.

The warrant for the arrest of the plaintiff was issued upon the affidavit of John W. George, one of the employees of the defendant's firm engaged in the development of the orchard. A witness by the name of John Bell was permitted to testify that he was employed by Mr. George to arrest the plaintiff and that this employment had continued for several days prior to a conversation with the defendant which he had already narrated. In his testimony as to this conversation, which was stated to have occurred between the issuing of the warrant and the arrest, the defendant was quoted as inquiring of the witness whether he had seen the plaintiff yet, and upon receiving a negative answer remarked "We will get him." It is evident that this declaration becomes more significant, as an item of proof in support of the plaintiff's theory, when it is considered in connection with the fact that the person to whom it is said to have been made was then serving under a special employment to secure the plaintiff's arrest.

There was already testimony in the case as to an admission
by the defendant that he had directed Mr. George to swear
out the warrant. Under such circumstances the testimony of
the witness Bell as to the purpose of his employment, and as
to its duration prior to the conversation mentioned, was ad-
missible to give emphasis to the declaration quoted as tend-
ing to show that the defendant was co-operating in the prose-
cution. The admission of this evidence was the subject of
the seventh and eighth exceptions.

It was testified by Wilbur V. Wilson, Esquire, who was
one of the plaintiff's counsel in his trial for the alleged lar-
ceny of the scions, that in the course of the defendant's cross-
examination as a witness on that occasion he stated that he
had directed John W. George to swear out the warrant upon
which the plaintiff was arrested. Mr. Wilson was then asked
what particularly called the matter to his attention. A por-
tion of his answer was striken out on motion, but his state-
ment was allowed to stand that what called the matter to his
attention was the fact that he had asked his associate at the
trial to propound the question that brought forth the admis-
sion. The defendant objected to this part of the answer also,
but the motion to strike it out was overruled, and to this
action the ninth exception was reserved. At each of the
trials of this case the defendant emphatically denied that he
had made the admission attributed to him as just mentioned,
and his denial was supported by other testimony. The pur-
pose of the statement to which the objection is made was to
show the ground of the witness' confidence in his recollection
upon that controverted subject. As thus restricted in its
object and effect we think the testimony was competent. *Wig-
more on Evidence,* Vol. 1, secs. 655, 730 (Ed. of 1904).

The defendant, when testifying in his own behalf, was
asked on cross-examination whether he was not in control and
management of the orchard where the larceny charged against
the plaintiff was alleged to have occurred. This inquiry was
clearly relevant to the issue as to the defendant's individual
attitude towards the prosecution. While the fact that he was

in control of the property could not of itself be sufficient to establish his liability, it would be evidence of an interest which could appropriately be considered in connection with circumstances which might tend to show participation. The eleventh exception refers to this ruling.

The twelfth and thirteenth exceptions were taken to the admission of testimony by John W. George on cross-examination that he was one of the superintendents of F. Mertens' Sons and that in his interview with the State's Attorney he referred to the scions in question as belonging to that firm. It is objected that the purpose of this examination was to impute liability to the defendant because of his membership in the firm by which the superintendent who swore out the warrant was employed. Upon the first appeal it was expressly decided that this would not in itself be a sufficient ground upon which to hold the defendant responsible, and the instructions granted at the re-trial of the case are perfectly consistent with that theory. There was no prejudice to the defendant and no error in the admission of this testimony.

All the exceptions relating to the admissibility of evidence have now been reviewed, and the remaining questions to be determined are raised by the fourteenth exception which is concerned with the rulings upon the prayers.

The two instructions granted at the instance of the plaintiff are identical with those sustained on the former appeal.

The defendant's first and second prayers sought to have the case withdrawn from the jury. A similar proposal was made at the first trial, and it was held on appeal that the refusal to take this action was proper in view of the presence in the record of evidence tending to show an admission by the defendant that he had directed the swearing out of the warrant. In the opinion then filed JUDGE STOCKBRIDGE said: "To hold an individual liable for malicious prosecution it is not necessary that he shall have himself sworn out the warrant; all that is required is that he voluntarily aids or abets in the prosecution. *Gittinger* v. *McRae,* 89 Md. 513."

The record now before us contains the same evidence in reference to the alleged admission, and it presents additional items of proof tending to show that the defendant's attitude towards the prosecution was one of active interest and co-operation.

By the defendant's third prayer, which was refused, it was proposed to instruct the jury that the plaintiff could not recover unless it should be found that the defendant directed the swearing out of the warrant, and that the burden was on the plaintiff to prove that fact. This is not the sole basis upon which to determine the defendant's liability in view of the evidence now in the record. Upon the other appeal a prayer to this effect was held to have been improperly rejected, but this conclusion was distinctly placed upon the ground that there was no proof of any voluntary participation of the defendant otherwise than by the alleged order to John W. George to swear out the warrant. In the former opinion it was said that if "there was any evidence tending to show that the swearing out of the warrant was directed or authorized" by the defendant, "or that he voluntarily aided or assisted in the prosecution, a case was made out for submission to the jury." In *Stansbury* v. *Fogle,* 37 Md. 383, this Court said: "While mere passive knowledge and consent to the acts of another is not sufficient to render a party liable, yet voluntary aid and assistance undoubtedly will." This language was quoted and the principle it expresses was applied in *Gittinger* v. *McRae, supra.*

In disposing of the seventh and eighth exceptions we have referred to testimony of the witness John Bell to the effect that during the period of his employment to secure the arrest of the plaintiff, but before he was actually taken into custody, the defendant, upon learning from the witness that he had not yet seen the plaintiff, said: "We will get him." It was in evidence also that at the time of the preliminary hearing of the plaintiff on the charge of larceny the defendant met at the train a Mr. Krumbine, who had not been summoned as a

witness, and directed him to the place of the hearing, where he testified for the State. This proof was not before the Court when the case was previously considered. In our judgment the additional facts thus shown admit of the inference that, aside from any participation in the swearing out of the warrant, the defendant was aiding and abetting the prosecution. The rejection of the third prayer, in the present state of the record, was therefore proper.

The defendant's fifth prayer sought an instruction that if the jury should find that the warrant for the arrest of the plaintiff was sworn out by the witness John W. George, and that before swearing out the warrant he consulted the State's Attorney for Allegany County and made a full and frank disclosure to him of all facts known to the witness, or which he could have ascertained by the exercise of reasonable diligence, in reference to the subject of the proposed prosecution, and that the State's Attorney thereupon advised the witness to swear out the warrant, and that such action was accordingly taken by the witness in good faith and in reliance upon the advice thus given, then the plaintiff is not entitled to recover even though the jury should further find that the defendant also directed the witness to swear out the warrant.

If the defendant in fact secured through the agency of another the institution of the proceeding which led to the plaintiff's arrest and trial, he could not be exonerated merely by proving that the prosecution had been advised by the State's Attorney upon a disclosure of all the information which the agent may have possessed on the subject. It would be plainly essential in that event to show that the facts within the defendant's knowledge were communicated to the officer whose advice is relied upon as a protection against recovery. *Cooper* v. *Utterbach,* 37 Md. 310. In the present case the importance of this requirement is obvious. The evidence already noted tends to show that the defendant authorized the plaintiff to save for his own use the clippings from the young trees in the orchard. But Mr. George does not appear

to have known of such a gift, and he was consequently not in a position to disclose it to the State's Attorney. If that officer had been informed that the clippings supposed by Mr. George to have been stolen were really taken in pursuance of a gift from one of the owners, the arrest of the plaintiff would not have occurred. As the evidence admitted of a finding that the gift was made by the defendant and that he directed the swearing out of the warrant, the theory of exemption on the ground of the advice given by the State's Attorney, as set forth in the fifth prayer, was radically incomplete in omitting to submit also the question as to whether the facts known to the defendant were fully communicated.

The sixth and eighth prayers of the defendant ignore the possibility of a finding that he aided and abetted in the prosecution apart from any connection with the original issuing of the warrant, and we approve of their rejection for the reasons stated in the discussion of the third prayer.

The Court below granted at the request of the defendant instructions which fairly presented his theory of the case. While the testimony tending to connect the defendant with the prosecution was met at every point by strong and emphatic contradiction, the plaintiff was entitled to have the jury pass upon these controverted issues of fact, and as they were properly submitted and there was no error in any of the rulings, the judgment will be affirmed.

*Judgment affirmed, with costs.*