# Herr, Appellant, *v.* Lollar.

*Malicious prosecution—Probable cause — Malice — Acquittal — Evidence—Case for jury — Request of prosecuting officer — Verification of facts—False imprisonment—Constable.*

1. In an action for malicious prosecution, the record of the acquittal of plaintiff is evidence of want of probable cause, from which fact the existence of malice may be inferred.

2. In an action for malicious prosecution, evidence of acquittal of plaintiff, and evidence of circumstances attending arrest of plaintiff, together with remarks made by defendant indicating a desire to arrest and imprison defendant without giving him an opportunity to secure bail, are sufficient to make out a prima facie case for plaintiff, requiring submission of the question of malice to the jury.

3. Where a constable, at request of district attorney, signs and makes affidavit to a complaint preferred by the latter on information furnished by a member of the bar, such facts tend to rebut inference of malice and want of probable cause on part of constable in action against him for malicious prosecution.

4. In such case, defendant is not relieved entirely, as matter of law, from establishing his own good faith in the transaction. If he was without personal knowledge of the facts, it was his duty, before making oath to the information, to take reasonable precaution to ascertain the truth of the facts upon which it was based. Whether he made a reasonable investigation of the truth of the facts is for the jury.

5. Where there is probable cause for a criminal prosecution, the motive actuating defendant is immaterial.

6. Where a constable makes an information at the request of the district attorney, and on a warrant duly issued on such information, arrests the person charged with the offense, and the latter is committed to jail by an alderman, the constable cannot be held responsible for failure of the prisoner to obtain bail; nor is he answerable for the detention of the prisoner, unless the warrant was based on insufficient evidence, in which case the question is whether the proceedings were maliciously instituted, and not whether the arrest and imprisonment were false.

Argued May 17, 1920. Appeal, No. 255, Jan. T., 1920, by plaintiff, from judgment of C. P. Lancaster Co., Oct. T., 1918, No. 53, on verdict for defendant, in case of Ephraim S. Herr v. Geo. Al. Lollar. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Trespass for malicious prosecution. Before HASS-LER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned,* among others, was binding instructions for defendant, quoting it.

*Chas. W. Eaby,* for appellant.—In this case Herr was acquitted of the crime of which he had been accused by Lollar, consequently the verdict of not guilty raised a presumption of want of probable cause and shifted the burden from plaintiff to defendant: Miller v. Hammer, 141 Pa. 196; Smith v. Walter, 125 Pa. 453; McCarthy v. DeArmit, 99 Pa. 63.

The question of what is probable cause, and whether it exists in the proof, if believed, is a question of law for the court; whether the proof establishes it, is for the jury: Mehaffey v. Byers, 151 Pa. 92; Dietz v. Langfitt, 63 Pa. 234.

*John A. Nauman,* for appellee.—In order that a plaintiff may recover damages for malicious prosecution, he must prove both want of probable cause for the prosecution and malice on the part of defendant in bringing it. Both these elements must exist or plaintiff cannot recover: Dietz v. Langfitt, 63 Pa. 234; McCoy v. Kalbach, 242 Pa. 123.

Where a prosecution is made on advice and at the request of the district attorney no malice exists on the part of the prosecutor in making it: Laughlin v. Clawson, 27 Pa. 328; Madison v. R. R., 147 Pa. 509.

In an action for malicious prosecution if the facts connected with the prosecution are admitted, or so clearly established as not to be open to dispute, the question of probable cause is for the court: McCoy v. Kalbach, 242 Pa. 123; Cole v. Reece, 47 Pa. Superior Ct. 212; Boyd v. Kerr, 216 Pa. 259.

OPINION BY MR. JUSTICE FRAZER, June 26, 1920:

On April 4, 1918, defendant, a constable in the City of Lancaster, signed and swore to a complaint charging plaintiff with unlawfully dissuading a witness from testifying in a proceeding pending before an alderman of that city. Pursuant to the complaint a warrant was issued by the alderman of the city directed to defendant, commanding him to arrest plaintiff and bring him before the magistrate who issued the precept. Defendant, under the warrant, arrested plaintiff but, instead of taking him to the alderman's office, as directed, took him to the city police station, from which place the alderman subsequently issued a commitment to the county jail where plaintiff was placed by defendant and there detained by the proper officers until released on bail the following day. Plaintiff was later indicted, tried and acquitted of the charge preferred against him by defendant, and, following his acquittal, began this action to recover damages, alleging a malicious prosecution and also false imprisonment. The trial judge instructed

the jury that if they believed the testimony of the wit-. nesses called by defendant, relating to the manner in which the proceedings were instituted, plaintiff would be without right to recover and their verdict must be for defendant. However, at the close of the charge this instruction was nullified by the affirmance of defendant's point that under all the evidence the verdict must be for defendant.

To prove malice and want of probable cause plaintiff offered the record of his acquittal in the quarter sessions of the offense charged, followed by testimony to the effect that defendant, after obtaining the warrant, called at plaintiff's place of employment and informed him the district attorney desired his presence at the latter's office for the purpose of having plaintiff make a statement, failing, however, to advise him at the time that he held a warrant for his arrest and instead of taking plaintiff to either the office of the district attorney, or the office of the alderman issuing the precept, he was taken to the police station and, after several hours' detention there, awaiting the arrival of the alderman's commitment, was placed, by defendant, in the county prison, where he remained until the following morning. There was also evidence that plaintiff was denied opportunity to obtain bail before being committed to prison and that defendant, previous to the beginning of the proceedings, stated to plaintiff's wife he would put plaintiff in jail "if it is for five minutes, half a day or a whole night." The foregoing facts made out a prima facie case for plaintiff, especially as proof that the proceedings against plaintiff terminated by a verdict of not guilty, was, in itself, evidence of want of probable cause, from which the existence of malice could be inferred: Smith v. Walter, 125 Pa. 453. Actual malice might also have been, found from the circumstances attending the arrest of plaintiff together with remarks made by defendant indicating a desire to arrest and imprison him.

Defendant admitted the termination of the proceedings against plaintiff by a verdict of not guilty, but, as evidence of absence of malice, offered testimony tending to show the information against plaintiff had been prepared by the assistant district attorney on information furnished that official by a member of the bar of Lancaster County, who acted as attorney for the prosecution in the earlier proceeding on which defendant, in his capacity as constable, based his charge against plaintiff and signed and made affidavit to a complaint founded upon such facts. The uncontradicted testimony of the two attorneys tended to rebut an inference of malice and want of probable cause on part of defendant, as it indicated the action taken by him was at the request of a public officer, whose duty was to prosecute violations of law: Laughlin v. Clawson, 27 Pa. 328; Cooper v. Hart, 147 Pa. 594. If probable cause in fact existed, the motive actuating defendant would be immaterial: Cooper v. Hart, supra; McCarthy v. DeArmit, 99 Pa. 63, 69.

The fact that defendant proceeded on the instruction of the assistant district attorney whose action was based, not upon information furnished by defendant, but by another, does not relieve defendant entirely, as a matter of law, from establishing his own good faith in the transaction. If defendant was without personal knowledge of the facts it was his duty, before making oath to the information, to take reasonable precaution to ascertain the truth of the facts upon which it was based and to which he subscribed. Though a constable, he could not, in an action of this character, relieve himself from all liability, as a matter of law, by showing a request by the assistant district attorney that he make oath to facts not within his personal knowledge. Whether he made reasonable investigation of the truth of such facts was a question for the jury.

With respect to the charge of false imprisonment, the court below correctly concluded the proof submitted by plaintiff failed to justify a recovery on that ground.

Defendant acted by virtue of a warrant properly issued and the commitment to the county jail was made by the alderman before whom the proceeding was pending. Defendant was not responsible for plaintiff's failure to procure bail, nor was he answerable for the detention of plaintiff, unless the warrant was based on insufficient evidence, in which case the question was whether the proceedings were maliciously instituted and not whether the arrest and imprisonment were false.

The judgment is reversed with a new venire.