[No. 3,310.]

## ISAAC LAMB *v.* B. GALLAND.

EVIDENCE IN SUIT FOR MALICIOUS PROSECUTION.—In an action for a malicious prosecution it is competent for the defendant to prove that he had received information from a reliable source which induced him to cause the arrest of the plaintiff, and what that information was, and in proving what the information was the defendant may show declarations made to him by others, and reports in circulation.

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

The plaintiff had been at work for the defendant as clerk and salesman in his store for three and one half years, when on the 3d day of April, 1871, the defendant caused him to

be arrested on a charge of having embezzled two dollars and fifty cents.

The plaintiff recovered judgment for fifteen hundred dollars.

The other facts are stated in the opinion.

*Howe & Rosenbaum* and *Beatty & Denson*, for Appellant.

The representations of detectives and advice of counsel afford reasonable ground for belief of guilt. (*Smith* v. *Ege*, 52 Pa. St. 419; *Eastman* v. *Keasor*, 44 N. H. 518.)

It is indispensably necessary, in order to maintain the action, to prove want of probable cause and malice in the prosecutor. It is not enough to show the act of the defendant as the foundation of the prosecution, the employment of counsel by him and his attendance on the trial, supported by some evidence as to the innocence of the party prosecuted. It must clearly appear that the party was innocent, the prosecution groundless, and so known, or might be so known, to the prosecutor. (*Kirkpatrick* v. *Kirkpatrick*, 39 Penn. State R. 288; *Cook* v. *Walker*, 30 Georgia, 519; 16 La. An. 1; *Robertson* v. *Spring*, 16 La. An. 252; 10 N. Y. 236; *Hurd* v. *Shaw*, 20 Ill. 354; *Van Latham* v. *Libby*, 38 Barb. N. Y. 339; *Blass* v. *Gregor*, 15 La. An. 451; id. 605; *Stancliff* v. *Palmeter*, 18 Ind. 321; *Wheeler* v. *Nesbitt*, 24 How. U. S. 544; *Ammerman* v. *Crosby*, 26 Ind. 451.)

It is not necessary for the defendant to show that a crime was committed, but merely that there was good ground to so believe. (*Raulson* v. *Jackson*, 1 Sneed, 128.)

Acquittal by a jury is not prima facie evidence of a want of probable cause for the prosecution. (*McKean* v. *Ritchie*, 18 Ill. 114.)

*G. F. & W. H. Sharp*, for Respondent.

Acquittal is evidence of want of probable cause, and suffices to shift the burden of proof. (*Smith* v. *Ege*, 52 Penn.

St. 419; *Johnson* v. *Martin*, 2 Murphy, N. C., 248; *Bostick* v. *Rutherford*, 4 Hawks, N. C., 83; *Nicholson* v. *Coghill*, 6 Dow & Ry. 12; *Johnson* v. *Chambers*, 10 Iredell, 287; 1 Am. Leading Cases, 223, note.)

"Malice may not be conclusive, but it is very stringent evidence of want of probable cause." (*Stone* v. *Crocker*, 24 Pick. 87, and English cases there cited; 2 Starkey on Evidence, Sec. 913; *Sutton* v. *Johnson*, 1 Term, 493.)


By the Court, Crockett, J.:

This is an action for malicious prosecution; and a judgment having been rendered for the plaintiff, the defendant appeals. At the trial, when the defendant was under examination as a witness in his own behalf, his counsel asked the witness whether he had any information which caused him to suspect the plaintiff of having appropriated his (defendant's) money, and upon which he acted in procuring his arrest? The witness answered in the affirmative, and was then asked to state what the information was. The question was unobjectionable in form, but was, nevertheless, objected to by the plaintiff, and excluded by the referee. The point of the objection is not stated, nor does it appear on what ground the question was excluded. In this ruling the referee erred. It was competent for the defendant to prove what the circumstances were under which he caused the arrest. Such proof was competent as rebutting the averment of malice, and a want of probable cause. If the defendant had received information from an apparently reliable source of a character to induce a prudent, cautious man to believe that the plaintiff had been guilty of the offense for which he was arrested, he should have been allowed to state what the information was; not for the purpose of proving that the plaintiff was, in fact, guilty of the offense imputed to him, but that the defendant, when he caused the arrest,

had good reason to *believe* he was guilty. It is difficult to imagine any kind of evidence which would be more pertinent than this in an action of this character. The point was substantially decided in *Lyon* v. *Hancock*, 35 Cal. 376. But the defendant was next asked by his counsel, whether at the time of the arrest he believed the plaintiff had been guilty of misappropriating the money of the defendant to the plaintiff's use, to which he answered "yes." He was then asked to state his reason for such belief, and in reply testified as follows: "The reason for said belief was that some time previous I had information, which I did not credit at first. This was a year before. In the latter part of March, 1871, I found cash short, three dollars and fifty cents, one morning. One or two days after I found my cash short, at noon, seventy-five cents. My errand boy, William Lyons, going out in the afternoon shortly after, I followed him, and asked him on the way whether he did not take that seventy-five cents. I told him, at the same time, that a day or two previous I missed three dollars and fifty cents. The boy began to cry, and asked me to search him. That same evening the boy came to me voluntarily, and said——." When about to relate what the boy had said the witness was stopped, and, on the objection of the plaintiff's counsel, was prohibited from stating what the boy said to him. This ruling was also erroneous for the reasons already stated. The witness was then requested to state what the previous report was to which he had alluded, and from whom he heard it. On a similar objection this question also was excluded, and the ruling falls within the same category with those already noticed. These were material errors, and could not well have been otherwise than prejudicial to the defendant.

Judgment reversed, and cause remanded for a new trial.