## PATRICK TANGNEY *vs.* MICHAEL SULLIVAN.

Suffolk.   January 28, 1895. — February 28, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Malicious Prosecution — Exceptions — Pleading — Action.*

If an action for malicious prosecution is brought to this court by exception to the refusal of a ruling that, upon all the evidence, the plaintiff cannot maintain his action, and the bill of exceptions only purports to set forth all the evidence showing that the defendant acted in or controlled the prosecution, and not all the evidence in the case, that point alone will be considered, and the question whether the plaintiff failed to make out a want of probable cause is not open.

If all the counts of a declaration are for the same cause of action, it will not avail the defendant to have some of them held to be bad or unsupported so long as one stands.

It is not a defence to an action for malicious prosecution that a third person swore to the complaint, if he acted in good faith on the defendant's information, and the defendant intentionally induced him so to do.

HOLMES, J.   This is an action for malicious prosecution. It comes before us by exception to the refusal of a ruling that, upon all the evidence, the plaintiff could not maintain his action. But

as the bill of exceptions only purports to set forth all the evidence showing that the defendant acted in or controlled the prosecution, not all the evidence in the case, our consideration must be confined to that point. Whether, as the defendant argues, the plaintiff failed to make out a want of probable cause, is not before us. Also the ruling asked dealt with the evidence, not with the pleadings. See *McLean* v. *Richardson*, 127 Mass. 339, 344; *Batchelder* v. *Batchelder*, 2 Allen, 105, 106. And further, as all the counts are for the same cause of action, it would do the defendant no good if some of them were held to be bad or unsupported, so long as one stood. *West* v. *Platt*, 127 Mass. 367, 371.

There was evidence not only that the defendant took an active part in setting the law in motion, but that he alone brought about the prosecution by his oral complaint, that he intended to do so, and stated that to be his object in making the complaint when he made it. The fact that, according to the practice in the court where the criminal proceedings were had, the chief of police signed and swore to the written complaint, does not save the defendant if he intentionally induced the chief of police to do so, acting in good faith on the defendant's information. See *Gibbs* v. *Ames*, 119 Mass. 60, 66; *Woodworth* v. *Mills*, 61 Wis. 44, 55, 56, 60; *Kline* v. *Shuler*, 8 Ired. 484, 486; *Danby* v. *Beardsley*, 43 L. T. (N. S.) 603, 604; 2 Greenl. Ev. § 450. 　　　　　　　　　　　*Exceptions overruled.*

*F. Hunt,* for the defendant.

*J. H. Ponce,* for the plaintiff.