ALVIA BAIR, Appellant, v. WILLIAM SHOULTZ, Appellee.

No. 45829.

FEBRUARY 16, 1943.

REHEARING DENIED SEPTEMBER 27, 1943.

Herbert G. Thompson and M. W. Stapleton, both of Muscatine, for appellant.

Harold E. Wilson and Hugh E. Chance, both of Muscatine, for appellee.

MULRONEY, J.— This is a malicious-prosecution action wherein the plaintiff alleged that the defendant maliciously and without probable cause procured an indictment against him for

the crime of larceny of certain slabs worth more than $20. The defendant pleaded a general denial and further alleged disclosure to the county attorney of all the facts he testified to before the grand jury; that the county attorney had advised him to place his testimony before the grand jury and relying thereon and acting under advice of counsel he did so. He testified that he had reasonable cause to believe that the facts he testified about were true and he acted without malice and with probable cause.

This is the second appeal in this case. See Bair v. Schultz, 227 Iowa 193, 288 N. W. 119. Upon the former appeal the case was reversed for the error of the trial court in sustaining defendant's motion for a directed verdict. Upon retrial, upon the same pleadings, the court again at the close of all the testimony directed the verdict for the defendant.

Our decision upon the former appeal that the case should have been submitted to the jury became the law of the case upon the second trial if the evidence was substantially the same. McKlveen v. Townley, 233 Iowa 328, 7 N. W. 2d 186, and authorities cited. If the testimony upon the second trial is materially different from the evidence introduced in the first trial, the former decision is not conclusive upon a second appeal. Since plaintiff again assigns his error to the ruling of the court directing the verdict for the defendant, it merely becomes necessary for us to examine the record of the testimony produced at this trial to discover if there is any material change in the evidence such as to make the former decision inapplicable.

An examination of the testimony of the witnesses in the two cases shows that they all testified to substantially the same facts in both trials. The only difference that we can discover is in the manner of the appearance of the witnesses before the grand jury that returned the larceny indictment against the plaintiff. In this trial it appeared that the defendant and possibly one other witness who testified before the grand jury were given subpoenas.

The defendant testified in this case that about two days prior to the meeting of the grand jury the county attorney telephoned to him and told him the grand jury was to meet on a certain date and asked him if he would come down without be-

ing sent a subpoena, and the county attorney said he could get his subpoena at the sheriff's office when he got there. The defendant testified that the county attorney said it would save considerable expense of sending a man up with the subpoena. In both trials the defendant testified that the county attorney, after listening to his story, told him when the grand jury would meet and "suggested" or "told him" that he could present the case to the grand jury. In both trials the county attorney testified that he had told the defendant he could appear before the grand jury and present his story "if he wanted to."

The county attorney testified that he had nothing to do with any subpoenas for the two witnesses who appeared before the grand jury other than the defendant and that he thought they came to the grand-jury room with the defendant. One of these witnesses testified in both trials and in neither trial did he state that he was subpoenaed. He testified in the second trial that the defendant took him to the grand jury in his automobile and came after him.

This additional evidence with regard to the subpoenas, defendant argues, conclusively proves that the prosecution was not instigated or procured by the defendant. We think the additional evidence that defendant was handed a subpoena before he entered the grand-jury room was not such a substantial change in the testimony as should compel the court to direct the verdict. The fact that the defendant was given a subpoena in the sheriff's office before he entered the grand-jury room is not conclusive proof that the prosecution was not instigated or procured by the defendant. His own testimony in this case shows that the county attorney merely told him, or suggested to him, that he could present the case to the grand jury. The machinery of the criminal law started when the defendant told his story to the county attorney. His own testimony with regard to the story that he told the county attorney was substantially the same in both trials. In our former opinion we commented that there was evidence tending to show that he had not made a full disclosure of the facts to the county attorney. Defendant's testimony of what he told the grand jury was substantially the same in both trials. In our former opinion we

commented that there was evidence showing that this, too, was as incomplete as his disclosure to the county attorney.

The county attorney is charged with the duty of attending and advising the grand jury. Section 5180, paragraph 8, and section 13705, Code of Iowa, 1939. There is evidence that tends to show that the defendant voluntarily and upon his own initiative appeared before this officer and told the same story which upon the former appeal this court branded an incomplete disclosure of the facts. Criminal prosecutions are started by information or indictment.

In an action for malicious prosecution the question of whether the defendant was the instigator or moving cause of the prosecution is the same in each case. It matters not that the defendant did not sign an information and cause the arrest. It is sufficient if his voluntary participation in the prosecution starts the movement of the criminal machinery so that an arrest would probably follow.

In the case of Holden v. Merritt, 92 Iowa 707, 709, 61 N. W. 390, 391, the defendant in a malicious-prosecution case showed that he merely complained to a United States marshal and accused the plaintiff of taking and opening a letter addressed to the defendant. The complaint resulted in a post-office inspector's calling on the defendant, and the post-office inspector, after hearing defendant's story that the plaintiff had, without his knowledge and consent, opened a letter addressed to the defendant, filed an information against the plaintiff. In this case the defendant argued that he did not instigate or procure the prosecution. It was his contention that the prosecution was instigated by the postal inspector who signed the information that caused the arrest. In that case Justice Deemer stated:

"It need not be shown that the defendant ordered or directed the warrant or process to issue, or that he participated in its execution. If he, on his own motion, gave information or made complaint to the officers of the law in such a manner as that, in the regular and ordinary course of events, an arrest must be made, or will probably follow, this is sufficient to warrant the jury in finding him the real prosecutor."

And the court held in that case:

"We are clearly of the opinion that there was sufficient testimony to warrant the jury in finding that the defendant instigated the prosecution."

Upon the whole record we believe there was no substantial change in the testimony. The law of this case is the decision of this court in the former appeal. The question of whether defendant procured or instigated the prosecution was for the jury. We think the court erred in directing the verdict for defendant.—Reversed.

GARFIELD, C. J., and BLISS, OLIVER, SMITH, and WENNERSTRUM, JJ., concur.

MANTZ and MILLER, JJ., dissent.

HALE, J., takes no part.