ALEX ZENIK *v.* STEPHEN J. O'BRIEN ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued January 4—decided March 20, 1951

*Donald F. Keefe,* with whom was *Thomas G. Meeker,* for the appellants (defendants).

*John Keogh, Jr.,* for the appellee (plaintiff).

O'Sullivan, J. The plaintiff brought this action against Stephen J. O'Brien and Wallace DeLaney, trustee in receivership of the Norwalk Tire and Rubber Company. The complaint was in two counts. The first was based on malicious prosecution, the second, on false imprisonment. The court directed a verdict for the defendants on the latter count. On the former, the jury returned a verdict for the plaintiff to recover from them $2000 in damages. The defendants have appealed. Their assignments of error are directed to the court's refusal to set the verdict aside and to three rulings on evidence.

If the evidence is viewed in the light most favorable to the plaintiff, the jury might reasonably have found

the following facts: The Norwalk Tire and Rubber Company manufactured tires in a large factory fronting, in part, on Belden Hill Avenue in Norwalk. The plaintiff was in its employ as a watchman under the supervision of O'Brien, whom we shall call the defendant. The plaintiff's hours of work varied. On June 10, 1949, he was on the night shift, beginning at 11 p. m. About an hour earlier, the defendant hid in a grove on Belden Hill Avenue across the street from the factory. His purpose was to discover, if possible, the method by which tires were being stolen from the building. Shortly after midnight, Romeo Fontaine, a production worker, left the factory at the end of his shift. He passed through the main gate where the plaintiff was stationed. Each knew the other by sight. The plaintiff bade Fontaine a casual goodnight and watched him walk to the parking lot. Fontaine entered his automobile and drove along Belden Hill Avenue to a point near the spot where the defendant was hiding. There he parked his car, got out, walked some distance away and returned with a tire. The defendant then emerged from the grove and, when a fight ensued, felled Fontaine with a flashlight. About this time, the plaintiff left the main gatehouse to get a breath of air. He saw the defendant approaching with Fontaine, and when they reached him he was ordered by the defendant to call the police and the factory manager, Walter Krappe. When Krappe and a policeman arrived a short time later, the defendant told them that he had caught a couple of men stealing tires. Fontaine was immediately placed under arrest. The defendant then accused the plaintiff of being implicated in the crime, saying to the officer and pointing to the plaintiff, "How about him? Aren't you going to take him? He's mixed up in this, too." As a result, the officer requested the plaintiff to accompany him and

Fontaine to police headquarters. There, Fontaine was subjected to further questioning by the police. He repeatedly stated that he had acted alone. The plaintiff likewise disclaimed any part in the crime. The defendant, nevertheless, insisted that the plaintiff was involved in it and should be held for theft. After a short time, the plaintiff was placed under arrest on a charge of breach of the peace. The police officer selected this charge in order to hold the plaintiff for further investigation, but he would not have lodged it had not the defendant made the accusation of theft.

The plaintiff was locked in a cell about 3 a. m. and was kept there until bail was posted the following noon. Two days later, when he appeared with counsel before the City Court of Norwalk to answer to the charge of breach of the peace, the prosecuting attorney entered a nolle. No evidence was introduced, nor was the plaintiff put to plea. When he reported back to work, he was informed that he had been fired. He had no connection with the theft of the tire. The question of the defendant's agency is not raised.

The three essential elements of an action for malicious prosecution are the discharge of the plaintiff, want of probable cause and malice. *McGann* v. *Allen*, 105 Conn. 177, 185, 134 A. 810. Under the element first mentioned, the plaintiff was required to show that a criminal proceeding against him was commenced and prosecuted. He could not, however, stop there. He had to establish that the defendant caused the proceeding to be instituted. *Johnson* v. *Miller*, 82 Iowa 693, 695, 47 N. W. 903; *Fertitta* v. *Herndon*, 175 Md. 560, 566, 3 A. 2d 502; *Atkinson* v. *Birmingham*, 44 R. I. 123, 126, 116 A. 205. One of the defendant's claims is that the charge under which the arrest was made was not instigated by him but rather was conceived, selected, prosecuted and abandoned by the police officer.

The defendant relies on that principle of law which affords immunity to an individual who gives information which he reasonably believes to be true to a law enforcement officer and upon which the officer, in the exercise of an uncontrolled discretion, initiates criminal proceedings. *Goodrich* v. *Warner*, 21 Conn. 432, 443 (see 436); *Dickson* v. *Young*, 208 Iowa 1, 7, 221 N. W. 820; *Christy* v. *Rice*, 152 Mich. 563, 566, 116 N. W. 200; *Cox* v. *Lauritsen*, 126 Minn. 128, 131, 147 N. W. 1093; Restatement, 3 Torts § 653, comment g. This principle, however, was not applicable to the facts upon which the plaintiff relied. The jury could reasonably have found that the defendant not only expressed to the officer his opinion of the plaintiff's guilt but that he was also insistent that the plaintiff should be arrested for the crime. A person is deemed to have initiated a proceeding if his direction or request, or pressure of any kind by him, was the determining factor in the officer's decision to commence the prosecution. *Bair* v. *Shoultz*, 233 Iowa 980, 983, 7 N. W. 2d 904; *Hughes* v. *Van Bruggen*, 44 N. M. 534, 538, 105 P. 2d 494; Restatement, 3 Torts § 653, comment g. Regardless of the nature of the charge actually selected, the defendant's request might reasonably have been found to be the proximate and efficient cause of the arrest. It was the defendant who, by insistence, set the criminal law in motion. This fact was ample to render him responsible for instigating the proceeding. *Mertens* v. *Mueller*, 122 Md. 313, 320, 89 A. 613; *Tangney* v. *Sullivan*, 163 Mass. 166, 167, 39 N. E. 799; *Eastman* v. *Leiser Co.*, 148 Minn. 96, 100, 181 N. W. 109; *Siegel* v. *O. M. Scott & Sons Co.*, 73 Ohio App. 347, 351, 56 N. E. 2d 345; *Meyer* v. *Nedry*, 159 Ore. 62, 68, 78 P. 2d 339.

The defendant further maintains that the jury could not reasonably have found want of probable cause and

malice. If the evidence supports the former, we need not consider the latter, since it may be inferred. *Thompson* v. *Beacon Valley Rubber Co.*, 56 Conn. 493, 496, 16 A. 554. Probable cause has been defined as the knowledge of facts sufficient to justify a reasonable man in the belief that he has reasonable grounds for prosecuting an action. *Paranto* v. *Ball*, 132 Conn. 568, 571, 46 A. 2d 6. Mere conjecture or suspicion is insufficient. *Zitkov* v. *Zaleski*, 102 Conn. 439, 445, 128 A. 779. Moreover, belief alone, no matter how sincere it may be, is not enough, since it must be based on circumstances which make it reasonable. *Shea* v. *Berry*, 93 Conn. 475, 478, 106 A. 761. Although want of probable cause is negative in character, the burden is upon the plaintiff to prove affirmatively, by circumstances or otherwise, that the defendant had no reasonable ground for instituting the criminal proceeding. *Stone* v. *Stevens*, 12 Conn. 219, 227; *Altman* v. *Standard Refrigerator Co.*, 315 Pa. 465, 477, 173 A. 411; 34 Am. Jur. 776.

In the absence of an assignment of error addressed to the charge, it is assumed that instructions of the court on applicable principles were correctly stated. *Smith* v. *L. & S. Corporation*, 133 Conn. 105, 107, 48 A. 2d 239; *Schroeder* v. *Hartford*, 104 Conn. 334, 336, 132 A. 901. It is further assumed that the jury followed them. *Woodward* v. *Waterbury*, 113 Conn. 457, 460, 155 A. 825. The evidence in the case was conflicting. Apparently the jury accepted that which the plaintiff offered. They were warranted in concluding that the circumstances were such that the defendant, from the knowledge he had acquired, could not in reason have entertained a belief in the plaintiff's guilt, and that, therefore, no probable cause existed. *Seidler* v. *Burns*, 86 Conn. 249, 250, 85 A. 369.

Error is assigned in three rulings on evidence. An

issue in the trial was whether the defendant's belief in the plaintiff's guilt was reasonable. Upon direct examination by the defendant, Krappe was asked to state what Fontaine had said at police headquarters to him and the defendant before Zenik was arrested. He replied, "Well his first statement was he had found the tire in the grass, in the weeds." When the answer had been completed, the plaintiff objected to it on the ground that, as he was not present at the time, the evidence was hearsay. The court sustained the objection. The defendant excepted to the ruling but did not further press the line of interrogation. The ruling was erroneous. In determining the reasonableness of the defendant's conduct, his state of mind was a fact for the jury to determine. This could have come from what he heard as well as from what he saw, even though what he heard would be normally classified as hearsay. *Warner* v. *Warner*, 124 Conn. 625, 638, 1 A. 2d 911; *Lamb* v. *Galland*, 44 Cal. 609, 611; 3 Jones, Commentaries on Evidence (2d Ed.) § 1089. The evidence was admissible not to establish the truth of the facts asserted but to show what was in the defendant's mind in testing the reasonableness of his belief in the plaintiff's guilt. 6 Wigmore, Evidence (3d Ed.) § 1789; see *Loomis* v. *Smith*, 17 Conn. 115, 118. The error, however, was harmless. The answer given by the witness, if allowed to stand, could not have advantaged the defendant.

Since the materiality of the ruling on the question addressed to the witness Tuttle does not appear, we cannot say it constituted reversible error. The final ruling complained of was the exclusion of a preliminary question aimed at identifying a record made by the defendant on the day after the plaintiff was arrested. The ruling was erroneous, but harmless in view of the defendant's failure to offer the record in

evidence. *Jackson* v. *Waller,* 126 Conn. 294, 305, 10 A. 2d 763.

The final claim is that the verdict was excessive. The evidence discloses that the plaintiff was subjected to confinement in a cell for approximately nine hours. Wide publicity was given to the event through items carried in two newspapers. The plaintiff's reputation, which had been good, was affected and he was humiliated. He was obliged to pay counsel fees. We cannot say that the verdict was excessive. *Collins* v. *City National Bank & Trust Co.,* 131 Conn. 167, 173, 38 A. 2d 582.

There is no error.

In this opinion the other judges concurred.