[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendants move for judgment notwithstanding the verdict and/or for the $35,000 verdict in favor of plaintiff on the malicious prosecution count to be set aside for the following reasons:
 1. There was no evidence that defendants initiated or procured the plaintiff's arrest.
 2. There was no evidence of the lack of probable cause for plaintiff's arrest.
 3. There was no evidence of malice on the part of defendants.
 4. The court erred in not charging the jury on the affect of the erasure statute, 54-542a. CT Page 5910
5. The verdict was excessive.
The court finds no merit in any of these grounds.
1. The jury could properly have inferred from the testimony of Charles Martin when he told the police officer that he wanted plaintiff out of the building, that Martin was directing the officer to arrest plaintiff. At the least, Martin's insistence to the officer that plaintiff be removed constituted "pressure of any kind by him that was the determining factor in the officer's decision to commence prosecution." Fatone v. DeDominico, 161 Conn. 576, 577 (1971). Because of the different versions of the incident given by plaintiff and defendants and the right of the jury to believe plaintiff, it could also have inferred defendants knowingly gave false information to the officer. This would eliminate the limited immunity of defendants. McHale v. W.B.S. Corporation,187 Conn. 444, 443-49 (1982).
2. The plaintiff's testimony as to the incident, which the court can properly assume was believed by the jury, shows plaintiff was innocent of any wrong-doing and establishes a lack of probable cause.
3. Malice could be inferred by the jury from lack of probable cause for the arrest (Vandersluis v. Weil, 176 Conn. 353,356 (1988); Zenik v. O'Brien, 137 Conn. 592, 597 (1951)), and from defendants using the arrest as a means of getting plaintiff out of the building.
4. The erasure statute, 54-142a, played no part in the case. Plaintiff claimed damages on the basis of the emotional distress resulting from the arrest, his being confined, finger printed, booked and mugged. There was no evidence he subsequently lost or failed to get a job or suffered any other detriments as a result of an arrest record. Defendants had a right to argue the impact of the erasure statute to the jury, but the court did not find it necessary to charge the jury on this point.
5. The verdict of $35,000 was not excessive in light of the fact that plaintiff, a lay minister, never arrested before, was arrested in public, led by the officer in handcuffs through Travelers, confined in the Morgan Street jail for about an hour, booked, finger-printed and mugged. Monetary awards for the anguish and turmoil of a plaintiff being unjustly restrained and imprisoned are best left to the jury. Wochek v. Foley,193 Conn. 582, 588-89 (1984). CT Page 5911
Defendants also claim error in the court mentioning in its charge the jury could consider the conduct of "any" Travelers' employee in deciding the case. The court does not have the charge before it, but defendants agreed to allow one verdict to be rendered against Travelers and the reference was that Travelers was responsible for the actions of its employees. In any event, the single misstatement, if one was made, in the entire long and complicated charge, was a harmless error.
The motions for judgment notwithstanding the verdict, and to set aside the verdict are denied.
Robert Satter, State Trial Referee