[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff David Garson brings this malicious prosecution action seeking money damages from the defendant The Stop Shop Supermarket Companies, Inc. ("Stop Shop"). The plaintiff was arrested on July 19, 1990 and charged with larceny in the sixth degree and issuing a bad check to Stop Shop. The plaintiff paid Stop Shop the full amount of the check at issue, plus bank charge, after leaving the police station on the day of his arrest. The criminal charges were dismissed because of the restitution. The plaintiff now seeks damages, including attorneys' fees incurred by him in securing a dismissal of the criminal charges.
One of the essential elements of an action for malicious prosecution is a lack of probable cause for the criminal charges. Zenik v. O'Brien, 137 Conn. 592, 595 (1951). Probable cause has been defined as the knowledge of facts sufficient to justify a CT Page 1440 reasonable person in the belief that he has reasonable grounds for prosecuting an action. Id. at 597. The plaintiff bears the burden of proving that the defendant had no reasonable basis for instituting the criminal proceeding. Id. The parties disagree as to whether there was probable cause for the institution of criminal proceedings on these facts.
On or about Friday, June 8, 1990, the plaintiff lost his checkbook. On Monday morning June 11, the plaintiff went to his bank to report the loss. The bank said it would place a "flag," technically called a "flag lock 15", on the account and that all checks presented to the bank would be returned unpaid with a stamp reading "Refer to Maker." The checkbook was found by the plaintiff's wife in their home later in the day on Monday or on Tuesday. Mrs. Garson testified that she called the bank promptly to give notice that the checkbook had been recovered. She also testified that Mr. Garson went to the bank to have the flag released, but this was not corroborated by the plaintiff in his testimony.
During the week of June 11, Mrs. Garson received phone calls and letters from payee who had checks returned to them as a result of the flag on the account. In each case, the plaintiff made the check good. Mrs. Garson testified that as checks continued to be returned, she realized that the flag had not been lifted so she called the bank a second time to release the flag.
Bank records showed that the flag was placed on the plaintiff's account on June 11, 1990 and that it was released on June 19, 1990. Despite knowing that the flag was not released until a second phone call to the bank on or around June 19, neither the plaintiff nor Mrs. Garson made any effort to determine from the checkbook register which checks had been issued and might have been returned by the bank while the flag was operative against the account. They waited for the payees of the checks to contact them.
On June 13, 1990, during the period while the account was on hold because of the flag, the plaintiff cashed a $75.00 check at Stop Shop in Madison. Stop Shop attempted to deposit the check to its account, but on June 22, 1990 the check was returned to Stop Shop marked "Returned Not Paid/Refer to Maker." Jill Iwanicki, the cash office clerk at Stop Shop, was responsible for following up on the returned check. Although she had no independent recollection of her efforts with respect to the CT Page 1441 plaintiff's check, she referred to a contemporaneous check follow-up record which she had filled out in June and July, 1990. The form shows that Ms. Iwanicki first made some attempt to reach the plaintiff by telephone to tell him about the returned check. She then sent the plaintiff a letter on June 22. This letter was sent by certified mail to the plaintiff's correct address. Ms. Iwanicki's procedure was to wait to see whether the green receipt card or the entire envelope were returned. When there was no response to the first letter, Ms. Iwanicki sent the plaintiff a second letter.
When the plaintiff's check still had not been made good after all these attempts to notify the plaintiff of the problem, Ms. Iwanicki filled out and signed an arrest warrant application or issuing a bad check on July 12, 1990. The application recites the facts surrounding the plaintiff's check. In the portion of the application which reads, "The check was returned to me by the bank . . . marked insufficient funds or no account," she checked the "insufficient funds" alternative. She checked "insufficient funds" because she knew the account was still open, but the check had not been paid. The arrest warrant application resulted in the plaintiff's arrest one week later. Immediately after his arrest, the plaintiff made restitution for the unpaid check.
Both the plaintiff and Mrs. Garson denied receiving any phone calls or correspondence from Stop Shop. When the plaintiff went to Stop Shop after his arrest, he was shown a sealed envelope addressed to the plaintiff with a green receipt card on the back. Inside the envelope was a letter to the plaintiff advising him of the returned check. Although the plaintiff testified that he did not see a postmark on the envelope, the court finds that Stop Shop attempted to notify the plaintiff by certified mail of the returned check, but the letter inexplicably failed to reach the plaintiff.
The facts as known to Stop Shop on July 12, 1990 would justify a reasonable person in believing that there were reasonable grounds for charges of issuing a bad check and larceny. The check cashed by the plaintiff on June 13, 1990 remained unpaid approximately thirty days later despite efforts by Stop Shop to notify the plaintiff both by phone and in writing. Accordingly, Stop Shop acted reasonably in seeking prosecution of the plaintiff. CT Page 1442
Plaintiff's argument that probable cause was lacking focuses on minor facts which are tangential to the issue of probable cause. For example, the plaintiff points out that his check was deposited only once although Stop Shop generally deposits a check twice before considering it returned unpaid. The plaintiff also argues that Ms. Iwanicki could have contacted the plaintiff through his daughter, who worked at the Stop Shop store. These claims do not negate the probable cause which existed at the time.
The plaintiff has failed to meet his burden of proving that the defendant had no reasonable basis for instituting criminal charges. Judgment is entered for the defendant.
Christine S. Vertefeuille, Judge