[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant's motion for summary judgment concerns the extent of the liability for malicious prosecution of a person who communicates information to a police officer which results in the arrest and criminal prosecution of another.
In this case, the plaintiff, appearing pro se, has filed an action claiming that the defendant maliciously and without probable cause made a complaint to the state police which resulted in the plaintiffs arrest.[1] While an inmate at the MacDougal Correctional Center, the plaintiff was arrested and charged with possession of narcotics in violation of General Statutes § 21a-279 (a). The plaintiffs arrest was based, in part, on information provided by the defendant, who was a correctional officer at the MacDougal Correctional Center.[2]
The plaintiff was subsequently acquitted of this charge.
The defendant has moved for summary judgment on two grounds: (1) as a mere witness to alleged criminal activity, he did not institute criminal proceedings against the plaintiff and therefore cannot be liable for malicious prosecution and (2) as a matter of law, he had probable cause to believe that a crime had been committed. In light of the unchallenged facts of this case, the court agrees with the defendant.[3]
CT Page 14557
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . .Scrapchansky v. Plainfield, 226 Conn. 446, 450 (1993). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather, to determine whether any such issues exist. Cortes v. Cotton, 31 Conn. App. 569, 575
(1993). [I]n deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Johnson v. Meehan, 225 Conn. 528, 535
(1993). Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578 (1990)." (Internal quotation marks omitted.)Warner v. Lancia, 46 Conn. App. 150, 158 (1997).
"An action for malicious prosecution against a private person requires a plaintiff to prove that: (1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice." McHale v.W.B.S. Corporation, 187 Conn. 444, 447 (1982). The question presented by the first ground of the defendant's motion for summary judgment is whether the defendant, under the circumstances of this case, can be found to have initiated or procured the institution of criminal proceedings against the plaintiff.
The allegations of the plaintiffs complaint simply state that the plaintiff was arrested upon the complaint of the defendant. The plaintiff has made no other factual claims with respect to the actions of the defendant in generating or obtaining his arrest. The defendant has filed affidavits which show that, based upon information he received from a worker in the kitchen at the prison, he investigated what he believed may have been a drug transaction by the plaintiff. The defendant and correctional officer Arcouette attempted to search the plaintiff. The plaintiff resisted their efforts and a struggle ensued. Eventually, the defendant recovered from the plaintiff a plastic package containing twelve wax paper envelopes. Some of the envelopes were unmarked, while others were marked "Death Road," CT Page 14558 "New Jack City," "Crazy Horse," and "Bad Habit." A white powder residue was removed from one of the envelopes and tested positive for heroin. The Connecticut State Police were notified and Trooper Carney responded. Trooper Carney obtained sworn statements from the defendant and Arcouette, took possession of the twelve plastic envelopes and then placed the plaintiff under arrest for possession of narcotics in violation of General Statutes § 21a-279 (a).
"A private person can be said to have initiated a criminal proceeding if he has insisted that the plaintiff should be prosecuted, that is, if he has brought pressure of any kind to bear upon the public officer's decision to commence the prosecution. But a private person has not initiated a criminal proceeding if he has undertaken no more than to provide potentially incriminating information to a public officer. In such a case, if the defendant has made a full and truthful disclosure and has left the decision to prosecute entirely in the hands of the public officer, he cannot be held liable for malicious prosecution." (Citations omitted.) McHale v. W.B.S.Corporation, supra, 187 Conn. 448. See also Zenick v. O'Brien,137 Conn. 592, 596 (1951) (recognizing the principle which affords immunity to an individual who gives information which he reasonably believes to be true to a law enforcement officer and upon which the officer, in the exercise of an uncontrolled discretion, initiates criminal proceedings.)
There has been no claim by the plaintiff in this case that the defendant insisted or brought any pressure of any kind upon the state trooper to arrest the plaintiff. See Fantone v.DeDomenico, 161 Conn. 576 (1971) and Zenick v. O'Brien,137 Conn. 592 (1951). There has also been no claim that the defendant made anything less than a full and truthful disclosure of the information in his possession to the state trooper. The only factual claim made by the plaintiff is that the defendant made a complaint to the state police and that he was arrested and prosecuted as a result. More is needed for the plaintiff to allege facts sufficient to satisfy the first element of the common law claim of malicious prosecution.
Although the Supreme Court in McHale v. W.B.S. Corporation
refers to "private citizen" and "private person" when discussing the limited immunity provided by the first element of a malicious prosecution claim, the fact that the defendant was acting as a correctional officer during the events in question does not CT Page 14559 obviate the need for the plaintiff to allege more than the provision of information to the police. The defendant was not the arresting officer in this case; indeed there has been no showing that the defendant had the power to arrest the plaintiff. See General statutes § 54-1f(a) and § 53-3 (9) which together bestow the power to make an arrest on those officials of the Department of Correction authorized by the Commissioner of Correction to make arrests. The act of the defendant in this case which the plaintiff complains of was the provision of information to the police; an act the Supreme Court found insufficient in McHale to impose liability for malicious prosecution. The decision whether to arrest the plaintiff was left entirely to the discretion of the state trooper who responded to the defendant's referral. "[I]f the defendant has made a full and truthful disclosure and has left the decision to prosecute entirely in the hands of the public officer, he cannot be held liable for malicious prosecution." McHale v. W.B.S. Corporation, supra,187 Conn. 448.
Moreover, the rationale for the rule applies equally to the circumstances of this case. The purpose of the rule requiring the plaintiff to allege something more than the mere provision of information concerning possible criminal activity to the police is to encourage private citizens to assist in law enforcement.McHale v. W.B.S. Corporation, supra, 187 Conn. 448. Society wants correctional officers, no less than private citizens, to assist the police in the enforcement of its criminal laws. Correctional officers, like private citizens, would be chilled by the thought of a potential lawsuit claiming malicious prosecution precipitated by the simple provision of information of possible criminal behavior to the police.
The second basis advanced by the defendant as entitling him to summary judgment is his claim that, as a matter of law, he had probable cause to believe that the plaintiff had committed the crime of possession of narcotics. In order to prevail in an action for malicious prosecution, the plaintiff must show that the defendant acted without probable cause. McHale v. W.B.S.Corporation, supra, 187 Conn. 447. "Probable cause has been defined as the knowledge of facts sufficient to justify a reasonable man in the belief that he has reasonable grounds for prosecuting as action." Zenick v. O'Brien, supra, 137 Conn. 597. See also McGann v. Allen, 105 Conn. 177, 186 (1926). "The propriety of the defendant's conduct in causing the arrest of the plaintiff is to be tested by the facts as they appeared to be at CT Page 14560 the time the prosecution in question was instituted; and the controlling question is whether these facts, as they then appeared, were such that an ordinarily discreet and prudent person would have been led to the belief that the plaintiff had committed the crime with which he was charged. If the defendant had knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he had lawful grounds for prosecuting the plaintiff in the manner complained of, then the probable cause was present and this action will not lie."Shea v. Berry, 93 Conn. 475, 477 (1919).
"The existence of probable cause is an absolute protection against an action for malicious prosecution, and what facts, and whether particular facts, constitute probable cause is always a question of law." Vandersluis v. Weil, 176 Conn. 352, 356 (1978). Although the question of probable cause is an issue of law, when the facts concerning the existence of probable cause are in dispute, the issue of probable cause may be submitted to the jury as a mixed question of fact and law. DeLaurentis v. New Haven,220 Conn. 225, 252-53 (1991).
In this case, there are no contested material factual issues concerning probable cause. Other than the conclusory statement that the defendant lacked probable cause, the plaintiff has not alleged any facts in his complaint nor has he submitted any affidavits or documentary evidence alleging any facts that indicate that the defendant had no reasonable ground for seeking the plaintiffs arrest. The uncontradicted affidavits of the defendant show that plaintiff had in his possession a plastic package containing twelve wax paper envelopes some of which were marked "Death Road," "New Jack City," "Crazy Horse," and "Bad Habit" and that the package contained a white powder residue which tested positive for heroin. These facts would have led a reasonable person to the belief that the plaintiff had committed the crime of the possession of narcotics.
Because there is no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law, the defendant's motion for summary judgment is hereby granted.
BY THE COURT
Judge Jon M. Alander