10

Christopher L. BAKOWSKI,
Plaintiff—Appellant,

v.

Calvin B. KURIMAI, Allen M. Soloway, Jeffrey Vail, Raul Guerra, Verna Thompson, James Silva, Janet C. Cook, Richard Soares, Susan Spiegel, Richard Gohn, Alan Plant, James Cohen, United States Air Force, United States Department of Justice, and Defense Contract Audit Agency, Defendants–Appellees.

No. 02–6247.

United States Court of Appeals,
Second Circuit.

Dec. 23, 2003.

Christopher L. Bakowski, Stamford, CT, pro se.

William A. Collier, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney for the District of Connecticut, on the brief; Jeffrey A. Meyer, Assistant United States Attorney), Hartford, CT, for Appellees.

Present: JAMES L. OAKES, SONIA SOTOMAYOR, and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Christopher Bakowski appeals from a judgment of the district court dismissing his malicious prosecution claim. In 1994, Bakowski was indicted on charges of conspiracy to defraud the United States Air Force ("USAF") and making false statements. He was acquitted of these charges on October 31, 1995. In November 1998, Bakowski filed a complaint against fifteen federal employees and three federal agencies alleging, *inter alia*, malicious prosecution pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671 to 2680 and the judicially-created remedy made available by *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In a March 2000 order, the district court granted plaintiff's request to add the United States as a defendant, dismissed plaintiff's *Bivens* claim as barred by the statute of limitations, and dismissed the FTCA claims against all defendants except the United States.[1] Following discovery, the district court granted the government's motion for summary judgment, concluding that, because Bakowski failed to demonstrate that the government had no probable cause to prosecute him, his malicious prosecution claim failed.

On appeal, Bakowski argues that the district court erred in: (i) granting the government's summary judgment motion without first requiring it to answer the interrogatories and requests for admission that Bakowski had served on the original defendants; (ii) finding that the government had probable cause to prosecute him; (iii) granting his motion to compel without requiring the government to produce the privileged documents or more adequately explain its privilege log; (iv) deferring to the Government by allowing it to file its summary judgment motion out-of-time; and (v) dismissing his *Bivens* claim as barred by the statute of limitations. For the reasons that follow, we AFFIRM.

Reviewing *de novo* the district court's dismissal under Fed.R.Civ.P. 12(b)(6), and taking all facts alleged in the complaint as true and drawing all inferences in favor of the plaintiff, *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir.2000), we conclude that the district court's dismissal was proper. Federal law establishes that a *Bivens* claim accrues on the date on which the plaintiff was aware of the facts underlying the claim. *Kronisch v. United States*, 150 F.3d 112, 123 (2d Cir.1998). A cause of action for malicious prosecution accrues when a criminal proceeding terminates in the plaintiff's favor. *DiBlasio v. City of New York*, 102 F.3d 654, 657–58 (2d Cir.1996). Under Connecticut General Statute § 52–577, the applicable statute of limitations for a *Bivens* action is three years from the point of accrual. Conn. Gen.Stat. § 52–577; *Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir.1994). Here, Bakowski's claim accrued on October 31, 1995, when he was acquitted of the offenses charged in the indictment. Bakowski, however, did not file his *Bivens* claim until November 24, 1998—more than three

---

1. The district court found that plaintiff's FTCA claim was timely filed.

years after the claim had accrued. To the extent that Bakowski argues that the statute of limitations should have been equitably tolled because he did not discover his cause of action until conferring with counsel and receiving a closing letter from the USAF, this argument is unavailing. It is within the discretion of the district court to equitably toll the statute of limitations "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (footnote omitted). Here, Bakowski presented no evidence showing that he filed a defective pleading within the statutory period or that the government induced him to file his claim outside of the statute of limitations. Accordingly, the district court's dismissal of Bakowski's *Bivens* claim as time-barred was proper.

■ Bakowski also contends that the district court erred in concluding that he had not established that the government lacked probable cause to indict him. We review *de novo* a district court's grant of summary judgment, focusing on whether the district court properly concluded that no genuine issues of material fact existed and that the movant was entitled to judgment as a matter of law. *Allstate Ins. Co. v. Mazzola*, 175 F.3d 255, 258 (2d Cir. 1999). To prevail on his malicious prosecution claim, Bakowski was required to show, among other things, that the Government lacked probable cause to indict him. *Zenik v. O'Brien*, 137 Conn. 592, 79 A.2d 769, 772 (1951) ("[T]he burden is upon the plaintiff to prove affirmatively, by circumstances or otherwise, that the defen-

dant had no reasonable ground for instituting the criminal proceeding."); *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994) (applying state law to FTCA malicious prosecution claim). Here, the evidence presented to the grand jury, independent of Vail's testimony, established that Bakowski submitted a letter and form seeking an exemption from the requirement of providing cost and price information, and that the letter and form referred to a sale that was never consummated. Accordingly, the evidence presented to the grand jury was sufficient to establish probable cause to indict Bakowski.

Finally, plaintiff challenges two of the district court's rulings limiting the scope of discovery. Plaintiff first challenges the district court's decision reviewing the district court's discovery rulings as an abuse of discretion, *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 147 (2d Cir.1998). Here, the original defendants, upon whom Bakowski served his interrogatories and requests for admissions, were dismissed from the case in the disposition of the defendants' Rule 12(b)(6) motion. Thereafter, Bakowski made no efforts to serve more tailored discovery requests on the government, the sole remaining defendant, until the government had filed its motion for summary judgment. Because Bakowski's discovery requests were directed to the dismissed defendants and were not modified for service on the government, the district court's decision not to compel production was reasonable.

Bakowski also challenges the district court's decision not to order the government to produce privileged documents, or in the alternative, to order the government to explain its reasons for asserting the privilege. Under Rule 26(b)(5), a party withholding information as privileged is re-

quired to "describe the nature of the documents ... in a manner that ... will enable other parties to assess the applicability of the privilege." Here, the government's privilege log clearly documented the nature of the requested documents and its rationale for classifying the information as privileged. Accordingly, the district court's rulings limiting the scope of discovery to the requests served on the government and allowing the government to withhold privileged documents were well within the scope of its discretion.

■ Finally, Bakowski challenges the district court's decision to allow the government to file its motion for summary judgment out-of-time. Rule 6(b)(2) provides that "[w]hen a party is required to file a motion within a specified time, the district court may, upon motion, extend that time where the failure to act was the result of excusable neglect." Here, the government's motion was untimely because the parties were involved in document production and review when the deadline for filing dispositive motions elapsed. Accordingly, it was clearly within the district court's discretion to grant the government an opportunity to file its motion for summary judgment out-of-time.

For these reasons, the judgment of the district court is AFFIRMED.