******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

## PAUL JOHN FERRI *v.* NANCY POWELL-FERRI ET AL.
### (AC 44798)

Cradle, Suarez and Clark, Js.

*Syllabus*

The plaintiff sought damages for vexatious litigation from the defendant P, his former wife. P previously sought the dissolution of her marriage to the plaintiff and, in that action, a disputed asset was a trust. While the dissolution action was pending, the trustees of the trust brought a declaratory judgment action against P and the plaintiff, seeking approval of their actions in forming another trust, into which they had decanted all of the assets of the initial trust. As part of the declaratory judgment action, the defendants T and N Co., who represented P in both actions, filed a cross complaint on her behalf, alleging that the plaintiff violated his duty to preserve the marital assets by allowing the trustees to remove assets from the marital estate. The trial court rendered summary judgment in favor of the plaintiff on the cross complaint. In this vexatious litigation action, the plaintiff alleged that the defendants lacked probable cause to institute and pursue the cross complaint. The trial court granted the motion for summary judgment filed by T and N Co. Following a bench trial on the plaintiff's claims against P, the trial court rendered judgment in favor of P, from which the plaintiff appealed to this court. *Held* that the trial court correctly concluded that P had probable cause to pursue her cross complaint in the declaratory judgment action, the plaintiff having failed to satisfy his burden to prove that P did not have a reasonable, good faith basis for her cross complaint against him; as aptly noted by the trial court, not only did P have a good faith belief in the facts alleged in her cross complaint, but the relevant facts related to the existence of probable cause were undisputed, as P alleged that the plaintiff failed to seek the return of the assets of the initial trust, which were transferred to another trust, and, in light of the automatic orders that issue in dissolution cases, including an order that neither party transfer or dissipate marital assets, it could not reasonably be argued that P did not maintain a good faith belief that the plaintiff violated the automatic orders when the trustees decanted funds that arguably were marital assets to a different trust.

Argued April 5—officially released July 19, 2022

*Procedural History*

Action seeking damages for, inter alia, vexatious litigation, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the case was transferred to the Complex Litigation Docket; thereafter, the court, *Moll, J.*, denied the plaintiff's motion for summary judgment and granted the motion for summary judgment filed by the defendants Thomas Parrino et al. and rendered judgment thereon, from which the plaintiff appealed to this court, *Prescott, Devlin* and *D'Addabbo, Js.*, which affirmed the trial court's judgment; subsequently, the case was tried to the court, *Schuman, J.*; judgment for the named defendant, from which the plaintiff appealed to this court. *Affirmed.*

*Jeffrey J. Mirman*, with whom, on the brief, was *Alexa T. Millinger*, for the appellant (plaintiff).

*Cristin E. Sheehan*, with whom, on the brief, was *Robert W. Cassot*, for the appellee (named defendant).

*Opinion*

CRADLE, J. In this action alleging vexatious litigation, the plaintiff, Paul John Ferri, appeals from the judgment of the trial court, rendered following a court trial, in favor of the defendant Nancy Powell-Ferri.[1] On appeal, Ferri claims that the trial court incorrectly concluded that Powell-Ferri had probable cause to initiate and pursue her cross complaint filed against Ferri in a prior lawsuit. We affirm the judgment of the trial court.

The following factual and procedural history, as previously set forth by this court, is relevant to our consideration of this appeal. "The present action is the third in a series of interrelated matters involving a dispute over the assets of a trust account. In the first action . . . Powell-Ferri sought the dissolution of her marriage to Ferri. In that action, a major marital asset in dispute was a trust created in 1983 and valued at between $60 million and $70 million. Powell-Ferri was represented in this action by the Parrino defendants.

"While the dissolution action was pending, the trustees of the 1983 trust brought a declaratory judgment action against Powell-Ferri and Ferri, seeking approval of the trustees' actions in forming another trust in 2011, into which they decanted all of the assets of the 1983 trust. The Parrino defendants also represented Powell-Ferri in the declaratory judgment action. As part of the trustees' action, the Parrino defendants filed a cross complaint against Ferri, on behalf of Powell-Ferri, alleging that Ferri had violated his duty to preserve the marital assets by allowing the trustees to remove assets from the marital estate. The trial court, *Munro, J.*, rendered summary judgment in favor of Ferri on the cross complaint, concluding that Powell-Ferri failed to state a cause of action. Our Supreme Court affirmed this decision on appeal and declined to recognize the new cause of action. See *Ferri* v. *Powell-Ferri*, 317 Conn. 223, 235, 116 A.3d 297 (2015).

"The cross complaint against Ferri in the declaratory judgment action, brought by the Parrino defendants on behalf of Powell-Ferri, forms the basis for the present vexatious litigation action brought by Ferri against Powell-Ferri and the Parrino defendants. In this action, Ferri alleged that [Powell-Ferri and] the Parrino defendants lacked probable cause to institute and pursue the cross complaint. The trial court, *Moll, J.*, rendered summary judgment in favor of the Parrino defendants." *Ferri* v. *Powell-Ferri*, 200 Conn. App. 63, 65–66, 239 A.3d 1216, cert. denied, 335 Conn. 970, 240 A.3d 285 (2020). This court affirmed the summary judgment rendered by the trial court as to the Parrino defendants, concluding that the trial court correctly determined that the Parrino defendants had probable cause to institute and pursue the cross complaint they had filed on behalf of Powell-Ferri. Id., 81.

Thereafter, Ferri's vexation litigation claims[2] against Powell-Ferri were tried to the court, *Schuman, J.* By way of a memorandum of decision filed on June 10, 2021, the court rendered judgment in favor of Powell-Ferri, concluding that she had probable cause to pursue her cross complaint against Ferri in the declaratory judgment action. The court reasoned, inter alia: "Upon review of the entire cross complaint, the court concludes that Powell-Ferri's cause of action against Ferri depended only on two critical facts. These facts are: (1) Ferri learned of the decantation after it happened but before the filing of the cross complaint, and (2) Ferri took no steps to return the assets to the original trust. These facts are alleged in paragraph 21 of the cross complaint, which was filed on or about October 31, 2012. Paragraph 21 alleges: [Ferri] was aware of the actions of the . . . trustees in establishing a new trust with the intent to deprive . . . [Powell-Ferri] of her equitable claims to trust assets but has taken no action to pursue his right and obligation to seek the return of the trust assets to the 1983 Trust. . . .

"There is virtually no dispute that the facts alleged in paragraph 21 are correct. First, Ferri himself testified that he learned about the new trust from his brother . . . in 2011 shortly after the trust's creation but well before the filing of the cross complaint. Ferri also admitted that he made no attempts to return the assets of the trust. . . .

"Given the conclusion that the facts in paragraph 21 are correct, it necessarily follows that the plaintiff has failed to prove by a preponderance of the evidence that Powell-Ferri conveyed inaccurate or misleading information to her attorney on the key points of the case. . . . Instead, the undisputed nature of the key facts underlying the cross complaint made the validity of the cross complaint almost wholly dependent on a question of law. That question was whether a party to a dissolution proceeding [must] take action to prevent the removal of assets that would benefit him. *Ferri* v. *Powell-Ferri*, supra, 200 Conn. App. 80–81. The Appellate Court has now ruled that Powell-Ferri's attorneys had probable cause to bring this claim even though it does not state a valid cause of action under Connecticut law. It almost necessarily follows that Powell-Ferri had probable cause to ask her attorneys to bring this action. After all, the court cannot expect lay litigants to know more about the law than lawyers. Further, the Appellate Court opinion recognizes that there is something intrinsically wrong, albeit not sufficiently wrong to become a recognized tort, when a spouse fails to [take] action to recapture sizable trust assets that had arguably fallen within the marital estate, and that filing a lawsuit over that matter is not a completely frivolous move. Stated differently, a reasonable layperson in this situation could have believed that litigation was justified. Thus,

Powell-Ferri had both a reasonable, good faith belief in the facts alleged and the validity of the claim asserted . . . . For these reasons, Powell-Ferri had probable cause." (Citation omitted; footnote omitted; internal quotation marks omitted.) This appeal followed.

"In Connecticut, the cause of action for vexatious litigation exists both at common law and pursuant to statute. . . . [T]o establish a claim for vexatious litigation at common law, one must prove want of probable cause, malice and a termination of suit in the plaintiff's favor. . . . The statutory cause of action for vexatious litigation exists under [General Statutes] § 52-568, and differs from a common-law action only in that a finding of malice is not an essential element, but will serve as a basis for higher damages. . . . In the context of a claim for vexatious litigation, the defendant lacks probable cause if he lacks a reasonable, good faith belief in the facts alleged and the validity of the claim asserted." (Emphasis omitted; internal quotation marks omitted.) *Carolina Casualty Ins. Co.* v. *Connecticut Solid Surface, LLC*, 207 Conn. App. 525, 533–34, 262 A.3d 885 (2021).

"[I]n an action for vexatious litigation, the burden rests with the plaintiff to prove that the defendant lacked probable cause to prosecute a prior action. *Harris* v. *Bradley Memorial Hospital & Health Center, Inc.*, 296 Conn. 315, 330, 994 A.2d 153 (2010); see also *Zenik* v. *O'Brien*, 137 Conn. 592, 597, 79 A.2d 769 (1951) ('[a]lthough want of probable cause is negative in character, the burden is upon the plaintiff to prove affirmatively . . . that the defendant had no reasonable ground' for commencing action)." *Rockwell* v. *Rockwell*, 178 Conn. App. 373, 390, 175 A.3d 1249 (2017), cert. denied, 328 Conn. 902, 117 A.3d 563 (2018). "[T]he existence of probable cause is a question of law to be decided by the court." Id., 388. Accordingly, our review of the court's determination that probable cause existed is plenary. See, e.g., *Falls Church Group, Ltd.* v. *Tyler, Cooper & Alcorn, LLP*, 281 Conn. 84, 97, 912 A.2d 1019 (2007).

On appeal, Ferri challenges the court's determination that Powell-Ferri had probable cause to pursue her cross complaint against him in the declaratory judgment action. Although he sets forth several arguments in support of his claim that the court erred in so holding, the gravamen of his challenge to the court's conclusion is that there was "no evidence that . . . Powell-Ferri had a reasonable, good faith belief in the facts alleged and the validity of the claim asserted" in her cross complaint. (Internal quotation marks omitted.) He argues that his efforts to learn of the factual basis of Powell-Ferri's cross complaint were repeatedly thwarted by Powell-Ferri's evasive responses to discovery and during her testimony at her deposition and at trial. He asserts that Powell-Ferri "failed to identify any informa-

tion [that] she shared with her attorneys" or "any factual basis for commencing the cross complaint . . . ." He contends that "there was no evidence that [Powell-Ferri] conducted an independent investigation as to the facts that might support a conclusion that she had a good faith belief sufficient to justify a reasonable person to institute the cross complaint against [Ferri]."

In so arguing, Ferri disregards the well settled principle, as stated herein, that it was his burden to prove that Powell-Ferri lacked probable cause to commence and pursue her cross complaint. Contrary to Ferri's position, Powell-Ferri was not required to present any evidence of her good faith belief in the facts alleged in her cross complaint or the validity of her action. Rather, to sustain an action for vexatious litigation against Powell-Ferri, Ferri had the burden of proving that Powell-Ferri did *not* have such a reasonable, good faith basis for her cross complaint against him.[3]

Moreover, as aptly noted by the trial court, not only did Powell-Ferri have a good faith belief in the facts alleged in her cross complaint, but the relevant facts related to the existence of probable cause were undisputed. Powell-Ferri alleged that Ferri failed to seek the return of the assets of the 1983 trust, which were transferred to another trust after she commenced the dissolution action. In light of the automatic orders that issue in all dissolution cases, which include an order that neither party transfer or dissipate marital assets, it cannot reasonably be argued that Powell-Ferri did not maintain a good faith belief that Ferri violated the automatic orders when the trustees decanted funds in excess of $60 million, which arguably were marital assets, to a different trust.[4]

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Thomas Parrino and the law firm of Nusbaum & Parrino, P.C. (Parrino defendants), also were named as defendants in this action. The trial court previously rendered summary judgment in their favor and that judgment was affirmed by this court. *Ferri* v. *Powell-Ferri*, 200 Conn. App. 63, 64–65, 239 A.3d 1216, cert. denied, 335 Conn. 970, 240 A.3d 285 (2020). They are, therefore, not parties to this appeal.

[2] Ferri brought claims sounding in statutory vexatious litigation and common-law vexatious litigation against Powell-Ferri. For purposes of this appeal, we need not address in depth the distinction between those claims.

[3] In his brief to this court, Ferri specifically claims that the trial court erred "(1) in concluding that, because her attorneys had probable cause to bring the cross complaint, [Powell-Ferri] had probable cause, based only on the fact that [Ferri] learned of the decanting of trust assets only after it occurred; (2) in failing to analyze the issue of probable cause on [Powell-Ferri's] independent obligation to investigate facts; (3) in holding that [Ferri] was required to seek judicial review of [Powell-Ferri's] refusal to answer an interrogatory regarding her basis for bringing the cross complaint; (4) in speculating that there was no evidence that any information that she provided to her attorneys was false; and (5) in failing to hold that, even if [Powell-Ferri] had probable cause to commence the cross complaint, she ceased to have probable cause to continue to pursue it." Because, as discussed herein, Ferri failed to satisfy his burden of proving that Powell-Ferri lacked a reasonable, good faith belief in the facts alleged in her cross complaint or the legal validity of her claim against Ferri, these claims are unavailing.

[4] Indeed, the declaratory judgment action filed by the trustees sought "a ruling from the court that they had validly exercised their authority in transferring the assets [from the 1983 trust] and that Powell-Ferri had no interest in the 2011 trust assets." *Ferri* v. *Powell-Ferri*, 317 Conn. 223, 226, 116 A.3d 297 (2015). The fact that such a declaration was sought by the trustees arguably supports a reasonable belief by Powell-Ferri that she had an interest in the assets that were transferred.

---