Robert Sarvis brought this action against his neighbor, Lynn Tucker, asserting claims of malicious prosecution, intentional infliction of emotional distress, defamation, trespass, and nuisance. A Superior Court judge (first judge) allowed Tucker's motion for summary judgment on the claims of malicious prosecution and nuisance. The other three claims proceeded to trial. After giving Sarvis two opportunities to make an opening statement, a different judge (second judge) allowed Tucker's motion for a directed verdict on all the remaining claims. Sarvis now appeals, arguing both rulings were made in error.[2] We affirm.
The same standard applies to a motion for summary judgment and motion for a directed verdict. See Donaldson v. Farrakhan, 436 Mass. 94, 96 (2002). In both instances "[t]he judge must determine, on viewing the evidence in the light most favorable to the nonmoving party, whether a reasonable inference could be drawn in favor of the nonmoving party, or if the moving party is entitled to a judgment as a matter of law." Ibid. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Ibid., quoting from Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 252 (1986). On appeal our review is de novo. See O'Brien v. Pearson, 449 Mass. 377, 383 (2007) ; Roman v. Trustees of Tufts College, 461 Mass. 707, 711 (2012).
Malicious prosecution. Sarvis's malicious prosecution claim is based on a complaint that Tucker made to the Nantucket police about Sarvis's barking dog. An officer responded to Sarvis's home, heard the dog barking, and issued Sarvis a violation notice for "Animal Nuisance" in violation of Nantucket by-law § 55-4F.[3] Ultimately, a clerk-magistrate determined that there was no probable cause and found Sarvis "not responsible" for the violation.
To be liable for malicious prosecution, a "defendant must have, in some sense, initiated the prosecution." Correllas v. Viveiros, 410 Mass. 314, 318 (1991). "The mere transmission of information to a police officer, who using his or her independent judgment, then pursues the matter and institutes ... proceedings, has never been held sufficient to support an action for malicious prosecution." Ibid. Here, the summary judgment record contains no evidence that Tucker "intentionally induced" the police to institute proceedings against Sarvis. Ibid., quoting from Tangney v. Sullivan, 163 Mass. 166, 167 (1895). Rather, it establishes only that Tucker complained to the police about Sarvis's dog. The responding officer then investigated the matter and issued Sarvis a citation after she heard the dog barking when she arrived at Sarvis's home.
Sarvis argues that the officer was not exercising her own judgment, as evidenced by the statement in her report that "officers have responded to this home for the same complaint on numerous occasions" and have warned Sarvis that "if police are called to his house again regarding a barking dog then he may be given a by-law citation." But Sarvis disregards the officer's later statement that she issued the citation "because of the complaint and because [she] had heard the dog barking." From this it is evident that the officer used her independent judgment in determining whether to initiate proceedings against Sarvis. Summary judgment on this claim was therefore appropriate. See Correllas, 410 Mass. at 319.
Nuisance. Sarvis's nuisance claim derives from his allegations that Tucker is violating Nantucket zoning laws by operating a beauty salon and boarding house on her property. But "a private plaintiff will be allowed to maintain a public nuisance action" only if he "can 'show that the public nuisance has caused some special injury of a direct and substantial character other than that which the general public shares.' " Sullivan v. Chief Justice for Admin. & Mgmt. of the Trial Ct., 448 Mass. 15, 34-35 (2006), quoting from Connerty v. Metropolitan Dist. Commn., 398 Mass. 140, 148 (1986). Sarvis failed to provide evidence that Tucker's activities caused him such an injury.[4] Instead, he relies exclusively on the conclusory allegations of his complaint, which do not suffice to withstand summary judgment. See Ng Bros. Constr., Inc. v. Cranney, 436 Mass. 638, 645 (2002).
Trespass. Sarvis's trespass claim fails as a matter of law because he cannot establish damages. Sarvis essentially concedes that he has no damages,[5] but argues that proof of damages is not required to make out a claim of trespass. It is true that the absence of damages does not preclude the granting of equitable relief in a trespass action. See, e.g., Cumberland Corp. v. Metropoulos, 241 Mass. 491, 503 (1922). But Sarvis does not allege a continuing trespass; rather, his claim is based on two isolated incidents, occurring about seven months apart, where Tucker allegedly entered his property without permission. He therefore has no plausible entitlement to equitable relief. Indeed, his complaint only requests damages, which he has no reasonable expectation of proving.
Intentional infliction of emotional distress. A directed verdict was appropriate on Sarvis's claim for intentional infliction of emotional distress because he could not prove that he suffered emotional distress that was "severe." Polay v. McMahon, 468 Mass. 379, 385 (2014). As the second judge observed, Sarvis's opening statement offered "not a word" on the issue "other than 'I suffered emotional distress.' " This was insufficient to warrant sending the claim to the jury. Cf. ibr.US_Case_Law.Schema.Case_Body:v1">id. at 388 (judge properly dismissed claim of intentional infliction of emotional distress where complaint contained only conclusory statements that the emotional distress was severe).[6]
Defamation. Finally, Sarvis's defamation claim fails as a matter of law. To prevail on a defamation claim, Sarvis had to prove among other things that Tucker's "statement caused economic loss or ... is actionable without economic loss." Scholz v. Delp, 473 Mass. 242, 249 (2015). Sarvis more or less concedes that he suffered no economic loss, but contends that he need not offer such proof because Tucker committed slander per se by accusing him of a crime. In particular, Sarvis contends that Tucker's complaint to the police about his dog was slander per se because Nantucket by-law § 55, under which he was issued a citation, "is criminal in nature."
There is no merit to this argument. Nantucket by-law § 55-5A states that "[t]his chapter may be enforced by a police officer or Animal Control Officer utilizing the noncriminal disposition contained in Chapter 1 of this Code." And again, the citation issued to Sarvis is specifically marked "NON-CRIMINAL." Thus, as the by-law is plainly civil in nature, Tucker did not impute criminal conduct to Sarvis by making the complaint.[7]
Judgments entered September 21, 2017, and October 13, 2017, affirmed.

We note that Tucker also filed a notice of appeal, but failed to raise any argument regarding that appeal in her brief.

Although the violation notice is marked "NON-CRIMINAL," this does not defeat Sarvis's malicious prosecution claim. See Hubbard v. Beatty & Hyde, Inc., 343 Mass. 258, 260-261 (1961).

Sarvis offered only two photographs of vehicles parked outside Tucker's property, but, as the first judge found, he failed to demonstrate "how these vehicles amount to 'excessive' parking or how they impeded traffic."

Although Sarvis alleged in his complaint that Tucker trespassed on his property and poisoned his dog, the second judge allowed Tucker's motion to preclude any evidence or argument relating to the alleged poisoning. On appeal, Sarvis has not made any argument regarding that ruling.

Sarvis argues that the jury could have found that Tucker's actions were the cause of his becoming ill and having to go to the hospital. But the second judge, finding no evidence of causation, allowed Tucker's motion to exclude those medical records, and Sarvis has not made any argument on appeal regarding that ruling.

Tucker's request for appellate attorney's fees is denied. Sarvis's motion for leave to file an opposition to Tucker's request for fees is denied as moot.